■ In the Matter of MIDNITE SPECIAL, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated July 26, 1974, which disapproved petitioner's application for a special on-premises liquor license. Proceeding dismissed on the merits and determination confirmed, with $20 costs and disbursements. No opinion. Christ, Brennan and Munder, JJ., concur; Latham, Acting P. J., and Cohalan, J., dissent and vote to annul the determination and order the immediate issuance of a special on-premises liquor license, with the following memorandum: Anthony Monteforte (Anthony), president, director and sole stockholder of the corporate petitioner, now 46 years old, has been a self-employed landscaping contractor since 1964. His wife, Mary, is a director and secretary-treasurer of petitioner. She has been gainfully employed since 1949 and for the past 10 years has been a machine operator in the sportswear business. The premises in question are at 369-371 Union Avenue, Westbury, New York. The application for a license was denied by respondent on the several grounds of (1) adverse history of the premises, (2) insufficient proof that the Montefortes would be the sole persons interested in the business, (3) inexperience and (4) insufficient proof of the source of the investment funds. Petitioner purchased the premises from one Otis Drayton, subject to a mortgage or mortgages of about $42,500. Drayton was the former licensee of these premises. His license was canceled in 1962 for disorderly premises and for employing a felon. The record indicates that there is no connection between the undesirable acts and practices which occurred at these premises 13 years ago and the Montefortes. Drayton, 67 years old, has suffered a stroke and is confined to his home. His sole interest in the premises stems from the fact that he is the mortgagee. Indeed Anthony deposed that he would have preferred to obtain independent financing from another source, but was unable to because of the tight mortgage money market. Moreover, the record is replete with letters from prominent civic leaders in Monteforte's community attesting to his outstanding character and supporting his entry into this business. In light of the foregoing there was no reasonable basis for respondent's conclusion that the license history of the premises and Drayton's position as purchase money mortgagee justified a denial of petitioner's application. Nor do we believe that the denial was justified by Anthony's alleged lack of experience in this business. The record reveals that he is a member of a lodge which maintains a bar and kitchen on its premises; that he has worked in that bar and kitchen and maintained it, during his off hours, for the past three years; and that he has served food and alcoholic beverages to groups of from 20 to 400 people. He, his wife, his adult children and several other relatives will be available to help out on the premises,

which would open at about 5:00 P.M. daily. The proposed bartender and part-time manager exhibited a diploma to the hearing officer from a reputable bartending school. Finally, the record indicates that petitioner bought the premises for $60,000, payable as follows: a $4,000 down payment (a loan from Anthony's parents), $14,000 or $16,000 on closing and the balance in notes, secured by mortgage. The $14,000 was supplied by Monteforte's wife. She had saved the sum in cash over a period of years due to her father's distrust of banks and his advice to her to keep her money out of them. The father had been a victim of a bank failure in the depression of the 1930's, so that his advice was given not without justified cause. As already noted, the record indicates that Mary has worked continuously since 1949. Anthony submitted an undisputed detailed statement of finances to respondent that showed his total assets to be $447,000, his liabilities $140,000 and his net worth as $307,000. Under these circumstances, there is nothing in the record to support respondent's determination that petitioner had financed the purchase and renovation of the premises with funds "the sources of which are not known to the Authority or have not been adequately verified."